■ In the Matter of L'OURSIN, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of the State Liquor Authority denying petitioner a Summer liquor license unanimously annulled, on the law and the facts, without costs, upon the ground that this record lacks substantial evidence to support the determination. Respondent is directed to issue such license. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.

■ WILLIAM X. SCHEINMAN, Respondent, v. SELVAGE & LEE, INC., Appellant.— Order entered March 6, 1963, insofar as appealed from, and except as to the item of police reports which is conceded to be proper, unanimously reversed on the law and in the exercise of discretion, with $20 costs and disbursements to appellant. The items stricken are objectionable in that they seek information not relevant to the matter pleaded in the affirmative defenses or because the information is evidentiary in nature and, therefore, not properly obtainable through the office of a bill of particulars. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.

■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and FRANK ROSA et al., Respondents.— Order entered March 8, 1963, unanimously reversed on the law and the facts, with $20 costs and disbursements to appellant, and application by petitioner to stay arbitration granted to the extent that arbitration shall be stayed pending respondents' examination under oath pursuant to the provisions of the New York Automobile Accident Indemnification Endorsement, such examination to be held on a day and place to be fixed in the order to be settled hereon. The insurer alleged to cover the negligently driven vehicle disclaimed liability on September 11, 1961, and on December 19, 1961, physical examinations of the respondents were conducted on behalf of the petitioner. Thereafter, the petitioner asserts that its repeated requests to attempt to mutually settle the respondents' claims were thwarted; but, on the other hand, the respondents allege that petitioner would never discuss adjustment. In any event, it does not factually appear that the petitioner is chargeable with such laches in the matter of its handling of the claims as to amount to bad faith or that the respondents have been prejudiced in any substantial manner by petitioner's failure to expeditiously proceed with their oral examination. Promptly, when respondents demanded arbitration in January, 1963, the petitioner requested that they appear for an examination under oath as required by the MVAIC indorsement. Under the circumstances, there was no loss or waiver of petitioner's contractual right to such an examination. (See *Matter of Motor Vehicle Acc. Ind. Corp. [Lucash]*, 16 A D 2d 975.) The decision of *Matter of Smith (MVAIC)* (18 A D 2d 889) is clearly distinguishable and not controlling on the facts here. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.

■ In the Matter of PHILIP BROWN, an Attorney.— Motion for reinstatement to the Bar granted. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

(July 11, 1963)

■ In the Matter of ALBERT MINTZER, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.— Supplemental petition denied and the proceeding dismissed, without costs. (See *Matter of Mintzer* v. *Supreme Ct.*, 19 A D 2d 711). Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.